The **FIDELITY AND CASUALTY COMPANY OF NEW YORK**, a Corporation, Plaintiff,

v.

**D. M. COPELAND and Myrtle E. Copeland, husband and wife, W. I. Stinson, Jr., and Jane D. Stinson, husband and wife, Defendants.**

Civ. A. No. 1783.

United States District Court
N. D. Florida,
Pensacola Division.

Dec. 8, 1967.

Roderic G. Magie, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for plaintiff.

James E. Moore, Niceville, Fla., for defendants Copeland.

Douglas M. Andrews, of Campbell & Andrews, DeFuniak Springs, Fla., for defendants Stinson.

## MEMORANDUM DECISION

CARSWELL, Chief Judge.

This case is before the Court on plaintiff's motion for summary judgment in its favor on the cause of action stated in the complaint; for summary judgment in its favor on the counterclaim of defendants, W. I. Stinson, Jr., and Jane D. Stinson; and on plaintiff's motion to strike insufficient defenses to the complaint, as raised by the answer of W. I. Stinson, Jr., and Jane D. Stinson. The suit is brought on contracts of indemnity attached to the complaint as Exhibit "A" and "B", which are alleged to have been executed by the defendants as principal and/or indemnitors to the plaintiff for certain surety bonds which the plaintiff company may execute by virtue of said contracts of indemnity.

It is alleged in the complaint that the defendants made, executed and delivered to the plaintiff company the contracts of indemnity mentioned above on two different occasions in 1960. The contracts are identical in form, with some differences in the execution of them. It is specified in each of the indemnity agreements that the principal may require certain surety bonds, and may apply to the plaintiff company to execute such bonds as surety, and these agreements were given to induce the surety company to execute such bonds for the principal.

On or about March 1, 1963, the defendants D. M. Copeland and W. I. Stinson, Jr., made application to the plaintiff to join with them as surety in the execution of a payment and performance bond in the amount of $701,100.00 in favor of the Board of Public Instruction of Okaloosa County, Florida, for the construction of Niceville Senior High School. During the time and after this construction took place, a number of sub-contractors and material men were not paid by D. M. Copeland and W. I. Stinson, Jr., for work and materials which contributed to that construction. On October 15, 1964, D. M. Copeland and W. I. Stinson, Jr., directed in writing that the plaintiff pay out certain sums to satisfy these outstanding claims. The plaintiff now seeks recovery from the defendants for these sums.

It is conceded by counsel for plaintiff that genuine issues of fact do exist as to the amounts owing to the plaintiff by the defendants. Plaintiff has asserted that there is no genuine issue as to material facts concerning the liability of the defendants under the contracts of indemnity, and that as a matter of law the plaintiff is entitled to a summary judgment on the issue of liability against the defendants.

The Court concludes that the plaintiff's motion for summary judgment on the issue of liability against the defendants should be granted, and that the plaintiff's motion to strike insufficient defenses to the complaint, as said defenses apply to the defendants' liability under the cause of action stated, should be granted.

The plaintiff bases its motion on the pleadings and admissions on file, and the interrogatories and answers to interrogatories, plus the affidavit of P. A. Holt. A reading of the material relied upon shows it is uncontroverted that the defendants did execute and deliver to the plaintiff the general contracts of indemnity, shown as Exhibit "A" and "B" of the complaint, respectively on the 21st day of March, 1960, and the 9th day of November, 1960. Subsequent to that, the plaintiff issued its performance and payment bond in favor of the Board of Public Instruction, Okaloosa County, Crestview, Florida, conditioned on the faithful performance of all obligations of "D. M. Copeland, d/b/a Copeland Construction Company and W. I. Stinson, Jr., a joint venture," under the written contract with the Board of Public Instruction, dated March 1, 1963, for the construction of Niceville Senior High School. The complaint and affidavit of P. A. Holt are undisputed in stating that subsequent to the issuance of said bond, a number of persons, firms and corporations furnishing labor and materials, in the construction of Niceville Senior High School, under the terms of said contract, were not paid for such labor and materials, and by virtue of the bond executed by plaintiff a

total of $160,866.19 was paid out by the plaintiff.

The defendants attack the plaintiff's pleadings and proof submitted with the motion for summary judgment by urging that certain agreements and representations took place, after or while the plaintiff was making payments under the said bond, between plaintiff and defendants which affected the extent of the liability of defendants. The existence or extent of any such agreements or representations are immaterial to the issues now decided in view of the plain language of the written instruments considered together or separately.

The defendants W. I. Stinson, Jr., and Jane D. Stinson, also attack the sufficiency of the contract or contracts of indemnity by stating that certain alleged defects in the contracts attached to the complaint nullify the liability otherwise assumed by the defendants. It is the Stinsons' contention that the contract shown as Exhibit "A" was superseded or nullified by the contract shown as Exhibit "B", or at least that an issue of material fact is raised by the existence of both contracts of indemnity. Furthermore, the contract shown as Exhibit "B" is not endorsed in the space provided in Paragraph 19 of the contract.

■ Assuming arguendo that Exhibit "A" was superseded or replaced by Exhibit "B", the contract represented by Exhibit "B" was entered into by "D. M. Copeland, d/b/a Copeland Construction Company and W. I. Stinson, Jr.," as *principal*: and, "Myrtle E. Copeland and D. M. Copeland; Jane D. Stinson and W. I. Stinson, Jr.," as *indemnitor*. The contract is not made defective or invalid because of the lack of the principal's name in Paragraph 19, since it is well established that minor provisions or discrepancies in contracts should not be interpreted so as to conflict with the main purpose of that contract. Furthermore, Paragraph 17 of the contract states that "in case any of the parties mentioned in this agreement of indemnity fail to execute the same, or in case the execution hereof by any of the parties be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this agreement of indemnity, or the liability hereunder of any of the parties executing the same. * * *" The mere omittance of the name of the principal in Paragraph 19 is harmless and does not affect the general intent of the contract.

■ The defendant Stinsons also assert that W. I. Stinson was not a member of a joint venture with "D. M. Copeland, d/b/a Copeland Construction Company," and the lack of said joint venture raises an issue of fact as to whether the performance and payment bond entered into by "D. M. Copeland, d/b/a Copeland Construction Company and W. I. Stinson, a joint venture," as principals, was issued under the provisions of the contract or contracts of indemnity. This Court concludes that the existence or non-existence of a joint venture between the defendants Copeland and Stinson is immaterial to the liability under the contract or contracts of indemnity. See Kochan v. American Fire & Casualty Company, 200 So.2d 213, 217 (Fla.App.1967). The payment and performance bond shows as principals the same individuals as listed on the contract of indemnity shown as Exhibit "B" to the complaint. The contract shown as Exhibit "A" lists "D. M. Copeland and W. I. Stinson, Jr., d/b/a Copeland Construction Company" as principals, and the defendants assert that the bond is not made in favor of the same principals who executed Exhibit "A". Although the distinction appears to be in form only, Exhibit "B" of the complaint is sufficient as a contract of indemnity to be the basis for liability of the defendants to the plaintiff, as principals and/or indemnitors, under the performance and payment bond issued to "D. M. Copeland, d/b/a Copeland Construction Company and W. I. Stinson, Jr., a joint venture."

Other defenses raised by the defendants have been considered by this Court and found to be immaterial to the issue of liability. See Kochan v. American Fire & Casualty Company, 200 So.2d 213 (Fla.App.1967).

In consideration of the foregoing, the Court finds that there is no genuine issue as to material fact and that plaintiff is entitled to judgment as a matter of law on the issue of liability of the defendants to the plaintiff as raised by the complaint and the counterclaim, and, further, that plaintiff's motion to strike insufficient defenses must be granted insofar as these defenses affect the liability of the defendants to the plaintiff. Material questions of fact are found to exist as to the amount of money owed by defendants to the plaintiff.

Orders to this effect are entered this date.